L. W. CLARK v. JOHN M. RAYMOND, Defendant, and D. TUCKER AND L. TUCKER, *et al.*, Appellants.

**Fraudulent Conveyance:** GARNISHMENT. One of two judgment cred-
1   itors, who has first served notice in garnishment proceedings on the custodian of a fund created by the setting aside of certain transfers of the judgment debtor as fraudulent, at the suit of the other judgment creditor, does not thereby gain priority without showing that his debt existed at the time of the fraudulent transfers, and that they were, therefore, also fraudulent as to him.

*Appeal from Harrison District Court*—HON. F. R. GAY
NOR, Judge.

SATURDAY, FEBRUARY 1, 1896.

THIS is a proceeding to subject certain money alleged to belong to John M. Raymond, to the payment of a judgment against him in favor of the plaintiff. The money is in the hands of John W. Woods & Sons, and they were garnished, and the matter was tried upon the answer of the garnishees, and upon the claims of the other creditors of Raymond, who intervened in the action. The case was heard by the court, and the money in the hands of the garnishee was awarded to the plaintiff, and the interveners appeal.— *Affirmed.*

*S. H. Cochran* for appellants D. Tucker and L. H. Tucker, interveners.

*J. S. Dewell* for John W. Woods & Sons, garnishees, and appellants Lucius Raymond and Rebecca Raymond, interveners.

*Roadifer & Arthur* and *J. W. Barnhart* for appellee.

ROTHROCK, C. J.—This is a contest between creditors of J. M. Raymond for the rents of certain lands formerly owned by him, and which at one time he conveyed to his son, L. H. Raymond. The controversy is really supplementary to the case of *Clark v. Raymond*, 86 Iowa, 661 (53 N. W. Rep. 354). We need not copy the opinion in that case here, but this opinion will be understood by the reader without reference to the opinion on the other case. Pending that case, the rents of the land in controversy, were placed in the hands of John W. Woods & Sons, who, we understand, are bankers. The money was for a time held by them as security or indemnity to sureties on a supersedeas bond. It appears, however, that the sureties are no longer liable on the bond; and the appeal, as to the garnishees, is without any merit now, if it ever had any. It is claimed in behalf of appellants that they should have been allowed attorney's fees and expenses incurred in the case. We think the facts show that they are not entitled to such claims. The proposition demands no discussion. And the same may be said of the appeal of Rebecca Raymond and Lucius Raymond. They are clearly shown to have no right to the fund. It appears in the main case, above cited, that they were fraudulent grantees of John M. Raymond. S. H. Cochran is a party. His claim to the sum of six hundred dollars of the money is no longer matter of dispute, and need not be considered.

The only real controversy in the case arises between the plaintiff, on one side, and the interveners D. Tucker and Lucius Tucker, on the other side. After the main case was determined in this court, the plaintiff caused an execution to issue on her original judgment against John M. Raymond, and John W. Woods & Sons were garnished as debtors of the defendant in execution. At about the

same time, D. Tucker caused an execution to issue upon a judgment which she held against John M. Raymond, and Lucius Tucker caused an execution to issue in his favor upon a judgment against said John M. Raymond. Woods & Sons were garnished on these two executions, and the notices of garnishment were served before the notice was given in the plaintiff's case. There is no dispute that if the money was the property of John M. Raymond, an the plaintiff and the two Tuckers were ordinary ju lgment creditors, the Tuckers would be first in right. But it is claimed in behalf of L. W. Clark that she acquired a right to the fund because she was plaintiff in the main action, and she refers to the opinion in that case as supporting her contention. We think the decision in that case not only does not give the plaintiff a lien on the fund, but it expressly denies that right. It is necessary only to quote the following from the opinion: "The rents and profits of the real estate, the conveyances of which are set aside, are subject to the payment of the judgment, if taken by due process of law, but the plaintiff has no lien upon them." If the judgment of the district court can be sustained, it must be upon some other ground than that above considered. It appears that the rent of the land in controversy accrued in the years 1890 and 1891. The judgments of D. and Lucius Tucker against Raymond were rendered in 1892. But there is not one word in this whole record showing whether the Tuckers were creditors of Raymond when the fraudulent deed was made. And there is no showing that the fraud had any reference to any claim held by the Tuckers against Raymond. For aught that appears, the debts were contracted after the conveyance. This was the record and evidence which the court below was called to pass upon, and it was held that the plaintiff was entitled to priority—we suppose, upon the ground that she was

an existing creditor, and the Tuckers, being interveners, failed to show when their debts were contracted, and that as to them the conveyance of the land was valid. This question is urged in argument by counsel for appellees, and the subject is not mentioned in the argument in reply. Under these circumstances, we are not disposed to disturb the judgment of the district court, and it is AFFIRMED.